These facts clearly set forth a prima facie case. That is to say, if true, they justify a change in appellant's classification and they arose under circumstances beyond his control. Thus, we feel that, as the Supreme Court stated in Mulloy v. United States, 398 U.S. 410, at 411, 90 S.Ct. 1766, 1770–1771, 26 L.Ed.2d 362 "where the registrant has set out new facts which establish a prima facie case for a new classification, a Board must reopen to determine whether he is entitled to that classification. Not to do so * * * is an abuse of discretion * * *."

Appellant raises a number of other issues. However, in light of our ruling on the hardship claim, it is not necessary to deal with them.

The case is reversed and remanded with directions to dismiss the indictment.

William T. Hutchens, pro se; Michael Simonetti, Birmingham, Ala., for petitioner-appellant.

MacDonald Gallion, Atty. Gen., Richard E. Calhoun, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before BROWN, Chief Judge, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

William T. HUTCHENS, Petitioner-Appellant,

v.

STATE OF ALABAMA, Respondent-Appellee.

No. 30662

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 24, 1971.

Robert J. GALASSO, Petitioner-Appellant,

v.

STATE OF FLORIDA, Respondent-Appellee.

No. 30484

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 26, 1971.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 5th Cir., 1970, 430 F.2d 966.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part. I.